UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lamonica T. Weglarz,

Court File No. 00-2708 RHK/JMM

Plaintiff,

v.

STIPULATED
PROTECTIVE ORDER

RT Minneapolis Franchise, LLC,

Defendant.

WHEREAS, the parties have requested confidential documents and information in discovery; and

WHEREAS, the parties wish to expedite discovery and avoid objection to the production of confidential information by the establishment of a protective order; and

WHEREAS, the parties agree that the Court may enter this Stipulated Protective Order as its order in this matter;

NOW, THEREFORE, the parties agree as follows:

1. "Confidential information" means all documents and all other information which has been designated "confidential" by any party; in the case of documents, including discovery responses, by stamping "CONFIDENTIAL" on the document; in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is confidential; and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information confidential.

FILED JUL 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2. "Attorneys' eyes only confidential information" means all documents and all other information which has been designated "attorneys' eyes only" by any party; in the case of documents, including discovery responses, by stamping "ATTORNEYS' EYES ONLY" on the document; in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is attorneys' eyes only confidential information; and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information to be attorneys' eyes only confidential information.

3. All confidential information produced shall be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, confidential information may be used by, copied by, exhibited to, or disclosed to only the following persons or entities:

(a) The parties and their employees;

(b) Attorneys for the parties, and such of their partners, associates or employees who are directly and necessarily involved in the preparation for the trial of this case;

(c) Court reporters used in connection with this action at deposition or trial;

(d) The court and its staff; and

(e) Testifying or consulting experts and their employees.

4. No person, other than those listed in paragraph 2.b. - d., may be shown or given access to confidential information unless the person indicates in writing by signing a copy of the attached Exhibit A that the person has read, understood, and will abide by the terms of this Protective Order. In addition, the disclosure of attorneys' eyes only confidential information shall be strictly limited to the persons identified on paragraph 2.b.-e., provided, however, that

testifying or consulting experts and their employees shall not include the parties or their employees.

5. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the clerk of court that contain any confidential material shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the clerk of court in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for review by court personnel, nor are the contents thereof to be disclosed except by order of the court.

6. This Protective Order shall apply with equal force to all copies, notes, summaries, or other compilations and oral recitation of confidential material.

7. Documents and other information designated as confidential by the parties shall remain confidential under the terms of this Protective Order unless the parties agree to the deletion of the designation or upon order of the court.

8. Within a reasonable time after the final disposition of this action, all information designated confidential by the parties shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information designated confidential is destroyed, the party destroying the information shall certify to the other party that all confidential information of the other in its possession, care, custody, or control has been destroyed.

9. The parties recognize that for purposes of expediency, the parties may produce confidential documents or information without the appropriate designation. In such circumstances, the parties may thereafter designate such documents or other information as "confidential" or "attorneys' eyes only" by providing all other parties with a written description of such documents or information within 20 days of production or filing (the "designation period") which indicates they are to be considered confidential. No disclosure of documents or information shall be made during the designation period, and all such documents or information shall be governed by the terms of this Protective Order and thereafter if designated as confidential.

10. Nothing in this Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony, or other materials or information as "confidential" or "attorneys' eyes only" or from seeking a ruling from the court at any time that any such documents, testimony, or other materials or information need not be treated as confidential.

11. This Protective Order shall apply retroactively and include any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers previously filed with the clerk of court that contain any confidential material.

Dated: July 20, 2001

NICHOLS KASTER & ANDERSON

By: ______________________
Donald H. Nichols, #78918
Paul J. Lukas, #22084X
Tiffany A. Sanders, #260514

4644 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 338-1919

Attorneys for Plaintiff
Lamonica T. Weglarz

Dated: July 23, 2001

LINDQUIST & VENNUM P.L.L.P.

By: ______________________
Eric J. Nystrom, #19489X

4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 371-3211

Attorneys for Defendants
RT Minneapolis Franchise, LLC

SO ORDERED.

Dated: Aug 24, 2001

BY THE COURT:

______________________
John M. Mason
United States Magistrate Judge

# EXHIBIT A

I hereby acknowledge that I have read the above Protective Order governing the protective of confidential information and hereby agree to abide by its terms and conditions.

Dated: ______________________ ______________________________________

#1415325/v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500